UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IOWA

Jill Clark,

    Plaintiff,

v.

Mark Ritchie, in his official capacity

as Minnesota Secretary of State, and

the Hennepin County Registrar,

    Defendants.

RECEIVED SEP 1 0 2012

COMPLAINT FOR MANDATORY AND PROHIBITORY INJUNCTION

PARTIES

Jill Clark is a Minnesota licensed attorney who filed to run for the Office of Chief Justice of the Minnesota Supreme Court.

Mark Ritchie is the Minnesota Secretary of State. In that role he is charged with ensuring that elections in the State of Minnesota are fair, and comport with the Constitution of the United States. This lawsuit seeks only injunctive relief, and in that regard, Ritchie as Secretary of State is named in his official capacity.

The Hennepin County Registrar is charged with supervising, recording and certifying Hennepin County votes for judicial elections.

VENUE

Venue is proper in the United States District Court for the District of Iowa, because when Clark filed this case with the District of Minnesota, no judge or case number was assigned, and no executed summons was provided. Accordingly, Clark will be unable to vindicate these important constitutional rights in that district. Venue is proper in this district, because it is the most convenient district for the parties.

FACTUAL STATEMENT

Clark filed to run for the office of Chief Justice on June 5, 2012. Ritchie conducted a so-called "primary election" on August 14, 2012, the date set by the Legislature.

The Hennepin County Registrar was responsible for compiling and tallying the votes for that election, from Hennepin County.

On or about August 15, 2012, Ritchie published through the internet his "unofficial" results of that election, declaring that Gildea received the most votes, that Griffith received the nest most votes, and that Clark received the lowest number of votes.

Minnesota statute 204D.10, Subd. 3 does state that "the candidates for each office on the state and county nonpartisan primary ballot receiving the highest and next highest number of votes shall be the nominees for that office." However, Ritchie knew or should have known that Minnesota

Statute 211A.01, Subd. 3 defines the term "candidate" to not include those vying for judicial office.

Therefore, Ritchie should never have placed those three candidates' named on the ballot for a "primary" election. And he knew or should have known this.

COUNT I

Defendants violated 42 USC 1983 because Minnesotans have a substantive due process right to a fair election based on the law, and on the Constitution of the United States.

Defendants deprived Plaintiff of her rights, privileges, and immunities secured by the United States Constitution (or other federal laws), and specifically the Fourteenth Amendment to the United States Constitution, in conjunction with other rights.

Defendants knew they were violating the federal law and constitutional rights of Plaintiff and other Minnesotans, or knew they had a duty to enforce the laws and were aware of the conduct of others and could have interceded to protect Plaintiff and other Minnesotans, and acted with deliberate indifference or with malice to the rights as noted above, or were indifferent to same. The defendants acted under color of law and under statute, ordinance, regulation, policy, custom, usage, lack of training, lack of supervision and or lack of supervision/discipline when they deprived plaintiff of her rights, privileges or immunities under federal law.

As a direct and proximate result of the defendant's conduct, inaction, policy or customs as set forth in more detail above, plaintiff suffered the deprivation of her constitutional and/or federal statutory rights (the right to run for office in the general election in November) and suffered other harm to be proven at trial.

By reason of the foregoing, Plaintiff is entitled to the relief set forth in the prayer for relief and as qualified above.

CLAIM FOR INJUNCTION

For Count I, Plaintiff seeks a mandatory injunction, placing her name on the ballot for the November election, and a prohibitory injunction, preventing Ritchie from certifying that election or taking steps to have it certified, or otherwise preventing that election from having force and effect.

WHEREFORE, Plaintiff prays for the following relief:

Issue a temporary, preliminary and/or permanent injunction requiring Ritchie to place Clark's name on the November ballot.

Issue a temporary, preliminary and/or permanent injunction preventing Ritchie from treating the August 14, 2012 primary as an actual election, from certifying said election (or from taking steps to have it certified), or from reporting it as an official election.

September 5, 2012                                JILL CLARK PRO SE

                                                 Jill Clark, Pro Se

                                                 2005 Aquila Av. N.

                                                 Golden Valley, MN 55427

                                                 612/618-9529

RECEIVED SEP 1 0 2012

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IOWA

Jill Clark,

      Plaintiff,

v.

Mark Ritchie, in his official capacity

as Minnesota Secretary of State, and

the Hennepin County Registrar,

      Defendants.

SUMMONS IN A CIVIL CASE

You are hereby commanded to appear in the United States District Court for the District of Iowa, and to serve and file an answer to the allegations in the complaint within 21 days.

September 5, 2012

JILL CLARK PRO SE

*/s/ Jill Clark*

Jill Clark, Pro Se

2005 Aquila Av. N.

Golden Valley, MN 55427

612/618-9529

RECEIVED SEP 1 0 2012

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IOWA

Jill Clark,

       Plaintiff,

v.

Mark Ritchie, in his official capacity

as Minnesota Secretary of State, and

the Hennepin County Registrar,

       Defendants.

CIVIL COVER SHEET

This is a removed civil case seeking injunctive relief against the Minnesota Secretary of State and the Hennepin County Registrar. The claim is brought pursuant to 42 USC 1983.

September 5, 2012
                                            JILL CLARK PRO SE

Jill Clark, Pro Se

2005 Aquila Av. N.

Golden Valley, MN 55427

612/618-9529

Clay Aviles
2005 Aviles Rd
Golden Valley, MN 55427

9/06/12

United States District Court
For the Northern District of Iowa
4200 C Street
Cedar Rapids, Iowa 52406

CPU U.S. POSTAGE
$ 0.85⁰
MAILED SEP 06 2012
50702
PB 1P 000
3656386
FCML